GAHANNA HEIGHTS, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 64936—Decided August 21, 1967.)

Board of Tax Appeals, Department of Taxation.

*Mr. Carroll W. Huff,* for the appellant.
*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for appellee.

This cause and matter came on to be considered by the Board of Tax Appeals upon a notice of appeal filed herein under date of May 15, 1967, by the appellant above named from a final order and certificate of determination dated April 13, 1967, and issued against appellant by the Tax Commissioner when that official passed upon appellant's application for review and redetermination of personal property tax assessments for the years 1964 and 1965.

The matter was submitted to the Board of Tax Appeals on the notice of appeal, the statutory transcript supplied by the Tax Commissioner and the testimony and evidence presented to the Board of Tax Appeals at a hearing in Columbus, Ohio, on July 31, 1967.

From the record in this case it appears that the appellant, in its 1964 personal property tax return, listed in Schedule 4 (furniture, fixtures, equipment and machinery) thereof said property at a book value of $24,490.16. For the year 1965 said property was listed in Schedule 4 at a book value of $17,109.22. The property, which had been acquired by appellant during the years 1961 and 1962 consisted of various bulldozers, scrapers and cranes which cost $42,291.55 in the aggregate.

The appellant, in arriving at the book value thereof for the years here in question, depreciated said property as follows—for new equipment a double declining balance with a ten-year life was used—for used equipment a limited declining balance with a five-year life was used.

Upon audit of appellant's tax returns the Tax Commis-

sioner, acting under the pertinent provisions of Section 5711.18, Revised Code, found that the depreciated book values as listed by appellant, were not the true values in money thereof and that official proceeded to determine the true values thereof by using an eight-year life (12½% annual straight line depreciation) in connection with his "302 computation."

The pertinent provisions of Section 5711.18, Revised Code, read as follows:

"* * *. In the case of personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property, *unless* the assessor finds that such depreciated book value is greater or less than the then true value of such property in money. * * *" (Emphasis supplied.)

Acting under the authority given to him by Section 5711.18, Revised Code, the Tax Commissioner did find that the depreciated book value of appellant's property was less than the then true value thereof and that official proceeded to compute the true value thereof as above noted. For a description of the "302 computation" and the Tax Commissioner's authority to use this method in the valuation of property see *Wheeling Steel Corporation* v. *Evatt,* 143 Ohio St. 71.

No testimony or evidence of probative value was submitted to the Board of Tax Appeals by the appellant to support its position that the depreciated book value of its property was, in fact, the true value in money thereof.

Under these circumstances we have no alternative but to affirm the final order of the Tax Commissioner and said final order is accordingly affirmed.

*Order affirmed.*